IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHESTER WILLIAMS,

    Plaintiff,

v.                                                                             Case No. 3:09cv213/LAC

FLORIDA DEPT. OF CORRECTIONS,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court on three separate motions for partial summary judgment, together with memoranda in support, statements of fact, and various affidavits in support (docs. 82-95) filed by Defendant.

Local Rule 7.1(A) provides that no memorandum in support of a motion for summary judgment may exceed twenty-five (25) pages absent good cause shown and prior Order of the Court. The Court finds that two of the memoranda exceed this limitation, albeit by one page. The Court further notes, however, that Defendant has essentially divided its summary judgment motion into three separate motions for *partial* summary judgment, with each motion accompanied by memoranda which, taken together, exceeds 60 pages in length. The purpose of the rule is surely defeated if a party were able to circumvent the rule simply by divvying up its motion according to claim or legal theory.

Additionally, Local Rule 56.1(A) requires that the statement of facts in support of a summary judgment motion be "short and concise." Defendant has filed two separate statements of facts which together total 148 pages.

Accordingly, within seven (7) days from the date of this Order, Defendant is hereby Ordered to show cause as to why these motions should not be stricken because of Defendant's failure to abide by the Local Rules identified herein. In showing cause, counsel for Defendant shall explain the necessity or efficacy of dividing up the motions in the manner so done and shall also point out any material or substantial redundancy in the legal precedent cited, arguments made, or facts presented among the three motions.

Plaintiff is advised that, in the event Defendant shows adequate cause, the Court will then issue an advisory Order setting the deadline for response as it ordinarily would. That is, counsel for Plaintiff should not be concerned that the "clock is running" during the pendency of Defendant's response.

**ORDERED** on this 27th day of April, 2010.

s/*L.A. Collier*
Lacey A. Collier
Senior United States District Judge